*E-Filed 7/16/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN PLACENCIA, | No. C 09-1633 RS (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| A. P. KANE, Warden, | |
|     Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1992, a Los Angeles Superior Court jury convicted petitioner of second degree murder, conspiracy to commit assault with a deadly weapon or by means of force likely to produce great bodily harm, and two counts of assault with a deadly weapon by means of force likely to produce great bodily harm. The trial court sentenced petitioner to fifteen years to life in state prison. In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to

society or threat to public safety if released from prison." (Pet., Ex. D at 63.) In response to the Board's decision, petitioner sought, though was denied, relief on state collateral review. (Ans. at 1.) This federal habeas petition followed.

In reaching its decision, the Board considered the facts of the commitment offense. In July 1992, petitioner and members of his gang attacked several persons in an underground nightclub, and continued the attack outside. These acts of violence resulted in the stabbing and beating death of Manuel Ortiz, injuries from punching and beating to Elsa Villa, who had been trying to shield Ortiz from the blows, and injuries to Jairo Ortiz, Manuel's brother. Petitioner himself attacked Jairo, and kicked and punched Manuel "mercilessly." (Pet., Ex. D at 16.) After the attacks, petitioner was heard to say, "We kicked some guy[']s ass and we stabbed him." Later in the evening, petitioner told a witness that nothing would happen to her "as long as she kept quiet." (*Id*. at 18, 19.) The attacks arose from Jairo bumping into a petitioner's friend. (*Id*. at 14.)

In addition to the circumstances of the commitment offense, the Board cited as factors in its decision petitioner's behavior in prison, and his psychological report. In 2005, petitioner was found guilty of participating in a prison riot, though he vigorously protests that he is innocent of the charge. (*Id*. at 33–46.) The Board noted that the 2005 citation came after petitioner's 2004 parole hearing during which he was instructed to stay disciplinary-free. (*Id*. at 66.) As the Board noted, petitioner's psychological report stated that his propensity for future violence was in the "low moderate range." (*Id*., Ex. E at 6.) This rating was based on the fact that "the inmate has not been free of 115s and 128s for a significant number of years," which "may likely reflect continued impulsivity." (*Id*.) In light of all these factors, the Board concluded that petitioner posed an unreasonable threat to public safety and denied him parole. (*Id*. at 32.)

As grounds for federal habeas relief, petitioner alleges (1) the Board violated due process by relying on the unchanging facts of the crime; (2) the Board violated due process by characterizing the crime as involving multiple victims contrary to the record; (3) the

Board's finding that petitioner would pose an unreasonable risk to public safety if released was without evidence and "arbitrary and capricious"; (4) the Board mis-characterized petitioner's offense as "mutilation" in violation of due process; (5) the denial violated petitioner's liberty interest in parole; (6) the Board's decision finding petitioner would pose a current threat to public safety is not supported by the record; and (7) there is no evidence to support the Board's determination that petitioner had not sufficiently participated in therapy to no longer be a threat to public safety.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

*Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety.  Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness.  *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium).  Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the evidence."  *Hayward*, 604 F.3d at 562–63.

The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety.  *Id*. at 562.  The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness.  *Id*., citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008).

Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial.  First, the circumstances surrounding the commitment offense suggest that petitioner lacks sufficient self-control, and is capable of committing acts of impulsive violence for trivial reasons.  Second, the record establishes that petitioner's post-conviction history supports an inference of current dangerousness — in particular his citation for participation in a prison riot, a citation received after his last parole hearing, and his being rated as having a low to moderate potential for future violence.  While a rating of

low to moderate is not conclusively prohibitive, it does constitute some evidence of current dangerousness in addition to the commitment offense. *See Hayward*, 603 F.3d at 570–71 (Berzon, J., concurring).

It is reasonable to infer from this record of past violence and recent misbehavior that, if released, petitioner currently poses an unreasonable risk of danger to society, or a threat to public safety. Because the Board's decision is supported by sufficient evidence in the record, including circumstances other than those of the commitment offense, petitioner's claims that the Board's decision was unsupported by "some evidence," was based solely on the circumstances of the commitment offense, that the Board's decision was arbitrary and capricious when it found that petitioner would pose an unreasonable risk to public safety, that the Board's decision violated his liberty interest, and that the Board's decision was based exclusively on unchanging factors (claims 1, 3, 5, and 6) are DENIED.

Petitioner's remaining claims are also DENIED. Claim two is facially invalid. The facts, as determined by the state appellate court, supported the Board's characterization of the crime as involving multiple victims. As to claims four and seven, even if the Board's assertions were not supported by the record, there was sufficient evidence in the record to support the Board's determination that petitioner was unsuitable for parole. Petitioner's claims are DENIED.

In sum, the state court's approval of the Board's decision, therefore, was not an "unreasonable application" of the California "some evidence" requirement, nor was it "based on an unreasonable determination of the facts in light of the evidence."

**CONCLUSION**

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: July 16, 2010

_____
RICHARD SEEBORG
United States District Judge